On Application for Rehearing

CRAWLEY, Judge.
The application for rehearing is overruled. However, we feel compelled to address the mother’s argument that there was abundant evidence that the children were abused by their father. The mother comments in her brief on rehearing that our opinion on original submission “cata-logues a number of expert opinions given the mother that her children were indeed sexually abused as they reported to her.” Indeed, we commented on several experts’ opinions indicating that the children were molested by their paternal grandparents. However, we stated later in the opinion that there was a lack of credible evidence that the father had abused the children. Although Dr. White testified that the son’s anus was “blunted,” the results of her examination' were “normal.” The Army investigation into whether the father had abused the son was closed because of a lack of credible evidence. The Army investigator testified that a Dr. Terri Brewer had reported to him that she would have reported any criminal activity to law enforcement, but that she had not made any reports as a result of her interviews with the children. Despite the evidence the mother relies on concerning the abuse that the children allegedly suffered at the hands of the paternal grandparents, we agree with the trial court’s conclusion that she did not present evidence that the children were abused by the father.
 This very determination — that the father has not molested his children— supports this court’s conclusion that the trial court’s judgment is not based on evidence concerning Parental Alienation Syndrome. In fact, the trial court determined that no evidence supported the mother’s allegations against the father. Trial courts are presented with allegations of all kinds; it is their duty to determine which allegations are supported by the facts presented and which are not. This court is not permitted to question those determinations unless a trial court’s determination is so unsupported by the evidence that we conclude that it is plainly and palpably wrong. See Ex parte Fann, 810 So.2d 631, 633 (Ala.2001). Our limited review is based on the fact that, as an appellate court, we do not observe the witnesses and have no way to assess their credibility. Ex parte Fann, 810 So.2d at 633. Our supreme court has noted that the “opportunity to observe witnesses is especially important in child custody cases.” Id. In this case, the mother’s allegations against the father were not so overwhelmingly supported by the evidence presented that we must conclude that the judgment of the trial court is plainly and palpably wrong. We, therefore, decline to reconsider our affirmance of the trial court’s judgment.
APPLICATION OVERRULED.
*1183 YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., dissents.